IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.:   5:07cr48/MW/GRJ
                                                                  5:15cv178/MW/GRJ
BRUCE THEODORE SMITH, JR.

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law (Doc. 231.)[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the undersigned concludes that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant pleaded guilty pursuant to a written plea agreement to five counts of a seven count superseding indictment charging him with controlled substance and weapons offense. (Docs. 92, 114, 115.) The written plea and cooperation agreement

---

[1] The motion was electronically filed in Case No. 5:11cv129/RS/GRJ, corresponding to Defendant's previous § 2255 motion, on July 15, 2015. Then, counsel filed the motion in Defendant's criminal case on July 16, 2015 using an incorrect "event code." (Doc. 230). The clerk corrected this deficiency by re-docketing the motion using the proper event code and assigning a civil number corresponding to this case, as reflected in the case caption. (Doc. 231).

specifically set forth the penalties Defendant faced and also provided that Defendant could receive a reduced sentence if he cooperated with the Government. (Doc. 114 at 1–2.) Defendant did not receive a substantial assistance motion, and the court sentenced him to a total term of 600 months imprisonment. Defendant's sentence was comprised of concurrent 240 month terms on Counts 1, 2, and 5, followed by a consecutive 60 month term on Count 3 and a consecutive 300 month term on Count 6. (Doc. 131.) Counts 4 and 7 were dismissed upon Government motion. (Doc. 133.) Judgment was entered on June 17, 2008, and Defendant did not appeal.

In March of 2010, Defendant filed a "Motion under the Rule of Equity for Good Cause" in which he alleged that counsel did not file an appeal as requested. (Doc. 143.) The district court construed this motion as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denied it as time barred under 28 U.S.C. § 2255(f). (Doc. 146.) Defendant appealed, and the Eleventh Circuit reversed and remanded to the district court for consideration of "whether the limitations period applicable to Defendant's habeas corpus petition might have been equitably tolled by counsel's alleged refusal to file an appeal." (Doc. 171 at 5.)

The district court appointed counsel and directed the clerk to open a civil case number. (Docs. 173, 174.) After conducting an evidentiary hearing, the court concluded that there was no credible showing of any misconduct by counsel, that the one year limitations period was not equitably tolled, and that Defendant's motion was time-barred. (Doc. 207 at 6.) Defendant's request for a certificate of appealability was denied. (Doc. 223.)

In July of 2014 Defendant filed an "Emergency Application for Leave to File Successive Motion to Vacate Sentence" with the Eleventh Circuit Court of Appeals. (ECCA Case No. 14-13009, doc. 1.)  On July 15, 2014, the Eleventh Circuit denied the request as unnecessary.  The Eleventh Circuit found that during the district court's consideration of Defendant's previous motion, Defendant had not been given the notice and warnings required by Castro v. United States, 540 U.S. 375, 377 (2003), and therefore the proposed § 2255 motion would not be second or successive.  (ECCA Case No. 14-13009, doc. 2 at 2).

The instant motion, filed through counsel, is dated July 15, 2015, and for purposes of this recommendation the court accepts that it was filed on this date, despite the technical difficulties with filing.  With respect to the timeliness of the motion, Defendant states:

> Under the eleventh (sic) Circuit's response to Petitioner's Application for Leave to File Second Petition, Petitioner erroneously believed he was statutorily precluded from raising the ground contained in the instant petition.  This petition is filed within one year of the decision of the Eleventh Circuit, allowing Mr. Smith to pursue his claim.

(Doc. 231 at 10.)

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's judgment of conviction is dated June 17, 2008. (Doc. 131.) Because he did not appeal, his conviction became final when the time for doing so expired, on July 1, 2008. To have been timely filed, the instant motion should have been filed on or before July 1, 2009. However, it was not filed until more than six years later.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. The court will not relieve a

petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Defendant's suggestion is disingenuous that the motion was filed timely because it was filed within one year from the Eleventh Circuit's order ruling that his motion for leave to file a second or successive motion was unnecessary. The ground for relief raised in the instant motion---that counsel was constitutionally ineffective in "affirmatively misrepresenting the maximum sentence petitioner could receive, inducing petitioner to enter a guilty plea,"— was available to Petitioner immediately after sentencing and could have been raised in a timely-filed § 2255 motion. Furthermore, although not dispositive of his claim, Defendant's representation that he was unaware of the maximum penalties faced in this case is controverted by his written plea agreement and the plea colloquy, as the district court expressly noted in its order denying Defendant's Motion Under the Rule of Equity for Good Cause. (Doc. 207 at 1–2.) Defendant's motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (Doc. 231) should be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 20th day of July 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:07cr48/MW/GRJ; 5:15cv178/MW/GRJ