IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.                              Case Nos.:      5:07cr48/MW/GRJ
                                                5:16cv191/MW/GRJ

BRUCE THEODORE SMITH, JR.,

    Petitioner.
_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 245.) Petitioner has also filed a motion for appointment of counsel. (ECF No. 249.) On July 8, 2016, Petitioner was ordered to show cause why his motion should not be summarily dismissed due to the court's lack of jurisdiction to consider a successive § 2255 motion without proper authorization. (ECF No. 246). Petitioner filed a reply to the show case order. (ECF No. 250). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court

concludes that it does not have jurisdiction to entertain Petitioner's motion and therefore the motion should be summarily dismissed.

## BACKGROUND and ANALYSIS

On June 17, 2008, Petitioner was sentenced to a term of 600 months imprisonment after pleading guilty to five counts of a seven count indictment charging him with controlled substance and weapons offenses. (ECF Nos. 92, 114, 131). Petitioner did not file an appeal.

In March of 2010, Petitioner filed a "Motion under the Rule of Equity for Good Cause" which the district court construed as a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denied as time-barred under 28 U.S.C. § 2255(f). (ECF Nos. 143, 146). On appeal, the Eleventh Circuit Court of Appeals construed Petitioner's motion as a § 2255 and reversed and remanded for consideration of whether the limitations period applicable to Petitioner's motion should be equitably tolled due to his counsel's alleged refusal to file an appeal. (ECF No. 171). After appointing counsel for Petitioner and conducting an evidentiary hearing, the district court concluded that Petitioner was not entitled to equitable tolling based on any misconduct by his counsel and denied his motion as

time-barred. (ECF No. 207). Petitioner's request for a certificate of appealability was denied. (ECF No. 223).

In July of 2014, Petitioner filed an "Emergency Application for Leave to File Successive Motion to Vacate Sentence" with the Eleventh Circuit Court of Appeals. (*See* ECCA Case No. 14-13009, ECF No. 1). The Eleventh Circuit denied the request as unnecessary because the proposed § 2255 would not be considered second or successive in that Petitioner had not been given the notice and warnings required by Castro v. United States, 540 U.S. 375, 377 (2003), when his 2010 motion was construed as a § 2255. (ECCA Case No. 14-13009, ECF No. 2 at 2). Thereafter, in July of 2015, Petitioner filed a § 2255 motion alleging that his counsel was ineffective for allegedly misrepresenting the maximum sentence he could receive which he says induced him to enter a guilty plea. (ECF No. 231.) The district court denied and dismissed this motion as time-barred, finding that Petitioner's motion was filed more than six years after his conviction became final. (ECF Nos. 232, 235.)

In the instant motion, Petitioner seeks relief based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). (ECF

Case Nos.: 5:07cr48/MW/GRJ; 5:16cv191/MW/GRJ

No. 245.) As Petitioner is aware, before a second or successive application for § 2255 relief is filed in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x. 409 (11th Cir. 2010). This authorization is required even when, as here, a petitioner bases his motion on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, despite the fact that he should be aware of the need to do so, as evidenced by his July 2014 application for leave to file a successive motion to vacate sentence. (*See* ECCA Case No. 14-13009, ECF No. 1). Therefore, the instant motion to vacate must be dismissed. The Court declines to adopt Petitioner's suggestion that his case should be transferred to the Eleventh Circuit Court of Appeals. Unlike the case cited in his reply, the ACCA does not appear to be implicated in his case.

Furthermore, the factual basis for Petitioner's 924 (c) conviction was not a crime of violence but a drug trafficking crime.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this

Case Nos.: 5:07cr48/MW/GRJ; 5:16cv191/MW/GRJ

recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 245), should be **SUMMARILY DISMISSED** as the court lacks jurisdiction to consider the motion.

2. Petitioner's motion for appointment of counsel (ECF No. 249) should be **DENIED**.

3. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 11th day of August, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 5:07cr48/MW/GRJ; 5:16cv191/MW/GRJ